**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **CAITLYN JONES,** | § § | |
| Plaintiff | § § | |
| vs. | § § § | **C.A. NO. 6:20-cv-1** |
| | § § | **JURY TRIAL REQUESTED** |
| **KAIZEN MARKETING GROUP, INC.** | § § | |
| Defendant | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COME NOW Plaintiff, Caitlyn Jones, who files this Original Complaint complaining of Kaizen Marketing Group, Inc. (hereinafter "Kaizen") as follows:

**I.**
**PRELIMINARY STATEMENT**

1. This lawsuit arises from the sexual harassment of Caitlyn Jones by Kaizen Marketing Group, Inc. employee Nick Anderson. Equal to the clear, persistent, and outrageous behavior of Anderson, was the willful, inexcusable neglect and deliberate indifference of the plaintiff's employer, Kaizen, to the injuries endured by Plaintiff. Upon information and belief, Anderson's activities victimized other female employees of Kaizen.

2. It is the legal responsibility of Kaizen to promulgate and implement policies and procedures providing, in part, that its employees are not subjected to sexual harassment. Further, it is Defendant Kaizen's duty to promulgate and implement policies and procedures that do not promote known acts of sexual harassment and retaliation for opposition to that conduct by its employees. It is also Defendant Kaizen's legal obligation to take whatever action is necessary to

investigate reports of sexual harassment by employees to stop that sexual harassment once known, and to ensure that once sexual harassment is reported no retaliation or reprisal is permitted against the employee who reports or otherwise opposes such protected conduct. Finally, it is their responsibility to ensure that employees who have been the subject of sexual harassment are not retaliated against.

3. Plaintiff has been compelled to bring this action against Kaizen because it failed to ensure that the sexual harassment of its employees was prevented once any reasonable doubt of the extent of Anderson's conduct was removed. Plaintiff also sues for the sexual harassment she endured and Kaizen's continued failure to prevent the harassment once it had been revealed.

4. Kaizen is also liable for its negligence which lead to Plaintiff's sexual harassment at the hands of Anderson because it was on notice of his prior history of sexually harassing other female employees of Kaizen. Kaizen did not take reasonable care to protect Plaintiff and other female employees from the actions of Anderson.

5. Plaintiff seeks back-pay, compensatory damages, punitive damages against Kaizen plus court cost, and attorney's fees.

## II.
## JURISDICTION AND VENUE

6. Jurisdiction over plaintiff's sexual harassment/sex discrimination and retaliation claims against Kaizen is conferred on this Court by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq.*).

7. Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331 as this action arises under the Constitution and laws of the United States.

8. Venue is appropriate in this Court as all facts giving rise to Plaintiff's claims occurred within the Eastern District of Texas, Tyler Division.

## III.
## ADMINISTRATIVE PREREQUISITES MET

9. Plaintiff filed Charge # 450-2019-04638 with the EEOC alleging a continuing action of sexual harassment with the EEOC. Upon request of Plaintiff, her notice of "Right-to Sue" was issued for Plaintiff (attached as Exhibit "A") and plaintiff, thereafter, was able to file a lawsuit on her Title VII claims. This case is filed within 90 days of Plaintiff's receipt of her notice of right to sue from the EEOC.

10. All potential administrative remedies have been exhausted and prerequisites to litigation have been met.

## IV.
## PARTIES

11. Plaintiff Jones is an adult female individual and a citizen of Texas and the United States who currently resides in Frankston, Texas. At all times relevant to this action, she was an employee of Kaizen.

12. Defendant Kaizen is a Texas entity located within the boundaries of the Eastern District of Texas, Tyler Division and was Plaintiff's employer in Tyler, Texas at the time the alleged acts of sexual harassment and retaliation occurred.

13. Kaizen may be served with the Petition and Citation by serving its registered agent for service, Timothy Graves, Jr., 9894 Bissonnet Street, Suite 700, Houston, Texas 77036.

## V.
## STATEMENT OF FACTS

14. Plaintiff interviewed with Nick Anderson on February 4, 2019 for a position at Kaizen Marketing Group, Inc. Anderson asked Plaintiff to stay so he could do another interview and he wanted to take her on a second interview. Plaintiff sat in the lobby for 30 minutes then went to Sam's club. He explained the job to Plaintiff, then she left. Three days later Plaintiff got the job

and started the next Monday. Plaintiff started on February 11, 2019 and was terminated March 15, 2019.

15.     After orientation Plaintiff started in the Walmart on Broadway store selling Direct TV. Anderson was training Plaintiff and Bethany, an older woman who started when she did. Anderson was very curious about Plaintiff's life history and about her family.  He asked if Plaintiff had a boyfriend, when they went together, where she was from, if she had kids, where her mom was, and simple things like that.  Anderson didn't really go deep into Bethany's personal business.  That same day, Plaintiff asked if she could go to the restroom, which he let her, and when Plaintiff was walking away, she turned around and saw him watching her walk away.

16.     Anderson helped Plaintiff get to work and home sometimes since she didn't have a car. One of the first couple of times Plaintiff rode with him, Plaintiff asked him if her tongue ring was okay.  Anderson told Plaintiff it was fine and to get a clear flat ring.  After that, Anderson asked Plaintiff "what that tongue does". Plaintiff told him she didn't get it for that reason, but that she got it to help with her anxiety.

17.     Anderson would always ask about Plaintiff's boyfriend, because she was living with him. He asked multiple times over the time Plaintiff worked there.  Anderson wanted to know if she and her boyfriend were together, and he asked if Plaintiff was into black guys. Anderson is African American.

18.     One day in the office, Plaintiff stayed late so Anderson could help her learn a little more. Plaintiff was in the Atmos room.  Plaintiff was sitting on the ground, he came in and said, "hey sexy." Plaintiff was uncomfortable and all she said was "hey" awkwardly.

19.     When Anderson called Plaintiff after work, it wouldn't be until past 10:00 p.m., even sometimes 11:00 p.m.  When Plaintiff wouldn't text or call back, he always asked why 'Plaintiff

don't hit him up anymore' and Plaintiff 'needed' to talk to him. Anderson told Plaintiff to talk to him and only him. Anderson would get mad when Plaintiff asked work questions to anyone other than him. He told Plaintiff personal things about himself.

20.     One night, Plaintiff told him she needed help studying the night before they went to Lufkin. Anderson came and picked up Plaintiff, and parked in a church parking lot, down the street from where Plaintiff lived. Anderson brought up her boyfriend Devan, her sex life and he kept saying he wanted to know what her tongue does. Plaintiff kept telling she was not like that and that she doesn't sleep around. He wouldn't take no for an answer. He asked to see her hand and Plaintiff gave it to him, then he put her hand on his penis. Anderson forced Plaintiff to have sex with him in the car.

21.     The next morning, Plaintiff and Anderson went to Lufkin for work. Anderson told everyone what happens on the road trip stays on the road trip. When they got to Lufkin, Plaintiff and another girl worked the morning. Anderson and another male worked the evening. When they got back to the hotel room there was one bed for two females and two men. At that point, Anderson allowed the other female to drive back to Tyler. Plaintiff thought she would be fine because the other male employee was there, but Anderson allowed him to leave. Anderson forced Plaintiff to have sex with him again.

22.     At that point, Plaintiff stopped riding with Anderson and stopped texting him back and only spoke to him when it was job related. Anderson ask why Plaintiff refused to text him back. Anderson still continued to call Plaintiff late at night. When they came back from Lufkin, Anderson asked Plaintiff to stay late so they could go over her budget list. He also asked Plaintiff to work out with him. At the office, Anderson asked her to suck his penis. Plaintiff told him she didn't want to. Anderson was frustrated when Plaintiff said no. He wouldn't let it go. Eventually

Plaintiff gave in to Anderson's demands.

23. Plaintiff went with a co-worker to tell TJ, Anderson's boss/owner of the company. They went to Sam's Club and Plaintiff told TJ about all of the sexual harassment and sexual acts that Anderson had coerced her into doing. TJ told Plaintiff she had to be at the office at 9:00pm to tell him again in front of Anderson, but Plaintiff couldn't because of her anxiety. Plus, Anderson had threatened Plaintiff one night. Anderson told Plaintiff if she told anyone he'd ruin her life. TJ fired Plaintiff for not being at the office at 9:00 p.m. on the following day.

## VI.
## CAUSES OF ACTION

24. Plaintiff brings the following causes of action against Kaizen, for each of which, they have incurred compensable damage.

### *SEXUAL HARASSMENT*

25. The sexual harassment complained of took on both recognized forms: hostile environment and *quid pro quo*.

26. Plaintiff belongs to a protected group – female.

27. Defendant Kaizen did engage in unlawful employment practices, prohibited by 42 U.S.C. §2000e-2 when Plaintiff's job was terminated for having a sexual relationship with her supervisor, Anderson.

28. Ultimately, Plaintiff suffered an adverse employment action when Kaizen terminated her employment.

**COUNT I:    TITLE VII SEXUAL HARASSMENT**

29. Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 1 through 28.

30. Defendant, Kaizen, by and through Anderson, sexually harassed Plaintiff, as described

above, in violation of her rights under Title VII. Plaintiff would show that Anderson is the proxy or alter ego of Kaizen.

31. Defendant, Kaizen, through its agents with remedial authority knew of the harassment, yet failed to take prompt, appropriate, remedial action.

32. Acquiescence by the management of Kaizen, as well as other officials of Kaizen, to this clear and persistent pattern of sexual harassment established a custom and practice of Kaizen to allow sexual harassment of their employees by Anderson.

**COUNT II:   TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.§2000E *ET SEQ.*, PROTECTING EMPLOYEES FROM SEXUAL HARASSMENT.**

33. Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 1 through 32. Plaintiff Jones was subject to unwelcome sexual harassment in the workplace from Anderson, unreasonably interfering with Plaintiff's work performance.

34. Officials of Kaizen with authority to correct the conduct had actual knowledge of Anderson's sexual harassment behavior for years prior to the report of Jones and/or should have known, and then failed to take immediate and appropriate corrective action as required by law.

35. Plaintiff would also show that Kaizen was negligent in the creation and/or continuation of a hostile work environment.

*36.* Defendant, Kaizen, by allowing Anderson to sexually harass Plaintiff Jones, intentionally engaged in unlawful employment practices involving Plaintiff.

*37.* The harassment of which Plaintiff complains was severe and pervasive and thereby affected a term, condition or privilege of their employment and created an abusive work environment.

38. Defendant, Kaizen, by failing to exercise reasonable care to prevent and cure allegations

of sexual harassment, allowed Anderson to sexually harass Plaintiff, as described above, in violation of 42 U.S.C. 2000e, *et seq.*

39.     The sexual harassment began in 2019 for Plaintiff Jones and was ongoing, persistent and continuous, constituting continuing violations of their rights under law.

40.     As a direct and proximate result of Kaizen's conduct in violation of 42 U.S.C. §2000e, *et seq.*, Plaintiff Jones suffered substantial emotional and financial damages, past and future, for which she pleads to be compensated.

### *RETALIATION CLAIM*

41.     Plaintiff was retaliated against by her employer, Kaizen, for reporting and opposing the sexual harassment to Anderson's boss.

**COUNT III:   RETALIATION FOR ENGAGING IN PROTECTED CONDUCT UNDER TITLE VII.**

42.     Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 1 through 41.

43.     Plaintiff reported to Kaizen, by and through TJ, all of the facts and circumstances surrounding Plaintiff's sexual relationship with Anderson and the harassment of Plaintiff by Anderson.

44.     Plaintiff's complaints of sexual harassment, as described above, motivated her termination from employment with Kaizen.

45.     Defendant, Kaizen, intentionally engaged in unlawful employment practices involving Plaintiff because Plaintiff engaged in a federally protected activity in violation of her rights under 42 U.S.C. Section 2000e -3(a) *et. seq.* Title VII.

## VIII.
## ACTUAL DAMAGES

46. As a direct and proximate result of the conduct of Defendant, Plaintiff has suffered substantial emotional and financial damages, past and future, proximately caused by Kaizen's termination and retaliation for which Plaintiff now seeks compensation.

47. Plaintiff has suffered disgrace, shame, embarrassment and humiliation as well as extreme emotional and mental anguish in the past and in all probability, Plaintiff will continue to suffer such disgrace, shame, embarrassment, humiliation, personal indignity and extreme emotional and mental anguish in the future.

48. In addition, Plaintiff has suffered damage to her reputation both in the past and in the future. Injury to the reputation of the Plaintiff has been substantial and, in all probability, her reputation has been permanently impaired and damaged.

49. Additionally, Plaintiff has suffered loss of earnings capacity in the past and in reasonable probability, her capacity to work and earn money in the future beyond this date have been seriously impaired. Her ability to obtain and retain employment in the past and future have been impaired. Plaintiff is entitled to back pay and front pay. Reinstatement is not feasible.

50. Plaintiff has been deprived of employment benefits. Employment benefits include all employment benefits which they had or would have had at Defendant Kaizen's employ, including but not limited to past and future wages, retirement benefits, health care benefits, social security benefits, and unemployment benefits.

51. Plaintiff has suffered additional consequential damages.

52. The precise amount of damages suffered by the Plaintiff cannot be measured with mathematical accuracy at this time nor can the Plaintiff state with any degree of certainty at this

time the full extent and impact of future losses. Damages can be more accurately determined after completion of discovery in this case and Plaintiff specifically reserves the right to plead further with respect to such damages.

## IX.
## PUNITIVE DAMAGES

53. KAIZEN is liable for punitive damages on account of its completely willful and reckless disregard of Plaintiff's rights under Title VII. The conduct was also wanton, willful, reckless, and/or intentional, to cause substantial harm or injury, rendering the award of punitive damages appropriate.

## X.
## JURY TRIAL

54. In the Exercise of rights under the Seventh Amendment to the United States Constitution and applicable statutes and procedural rules, Plaintiff respectfully requests that all issues of fact in her claims for relief be decided by a jury.

## XI.
## PRE-TRIAL INTEREST

55. Plaintiff also seeks pre-judgment interest at the maximum legal rate.

## XII.
## ATTORNEYS' FEES

56. Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to 42 U.S.C. §2000e and 42 U.S.C. §1988 for the preparation and trial in this case and various stages of appeal, if any, including additional attorneys' fees in the event it is necessary to collect this amount of money once a judgment becomes final.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Caitlyn Jones respectfully prays that Defendant Kaizen be cited to appear and answer herein, and that upon a final trial by jury, judgment be entered for the Plaintiff against the Defendant for damages in an amount within the jurisdictional limits of the Court for Defendant, and such other and further relief to which the Plaintiff may be entitled at law or in equity, including:

1. actual damages;
2. punitive damages;
3. pre-judgment interest;
4. post-judgment interest;
5. attorneys' fees; and
6. costs.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100
469-533-1618 Facsimile

**ATTORNEY FOR PLAINTIFF**